ER

JS 44 (Rev. 06/17)

19-2877

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Larhonda Mitchell, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff  **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Chase, Esq. - Kraemer Manes & Associates LLC
1628 JFK Blvd, Suite 1650, Philadelphia, PA 19103
(215) 475 3504 Direct

## DEFENDANTS
Covance, Inc. And Chiltern International, Inc.

County of Residence of First Listed Defendant  **Out of State**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 201, et seq & 43 P.S. §§ 333.101, et seq
Brief description of cause:
Fair Labor Standards Act ("FLSA") & the Pennsylvania Minimum Wage Act ("PA MWA")

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/28/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ J Chase

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JUL -1 2019

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JUL -1 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19 2877

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 309 Vanderslice Street, Phoenixville, PA 19460

Address of Defendant: Covance, Inc. - 210 Carnegie Center, Princeton, NJ 08540. Chiltern International - 4000 Centergreen Way, S300, Cary, NC, 27513

Place of Accident, Incident or Transaction: 1016 West 9th Avenue, King of Prussia, PA 19406.

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/28/2019    _____(signature)_____    312448
       Attorney-at-Law / Pro Se Plaintiff           Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* FLSA & PA MWA

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jonathan Chase, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

JUL - 1 2019

DATE: 06/28/2019    _____(signature)_____    312448
       Attorney-at-Law / Pro Se Plaintiff           Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Larhonda Mitchell, individually and on behalf of all others similarly situated : CIVIL ACTION

v.

Covance, Inc.
And
Chiltern International, Inc.

NO. 19 2877

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 6/28/2019 | Jonathan Chase, Esq. | Larhonda Mitchell, individually and on behalf of all others similarly situated |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 475 3504 Direct | (215) 734 2466 Fax | jwc@lawkm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



JUL -1 2019




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Larhonda Mitchell, *individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>Covance, Inc.<br>And<br>Chiltern International, Inc.<br><br>Defendants. | Case No. **19  2877**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Larhonda Mitchell, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff, individually and on behalf of all others similarly situated, initiates this action to redress violations of Covance, Inc. and Chiltern International, Inc. of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et seq.*), the and the Pennsylvania Minimum Wage Act ("PA MWA" – 43 P.S. §§ 333.101, *et seq.*). Specifically, Plaintiff alleges that Covance and Chiltern International have failed to pay their Startup Specialists overtime pay as required by the FLSA.

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resided in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 309 Vanderslice Street, Phoenixville, PA 19460.

8. Defendant Covance, Inc. is a business corporation with a regular place of business located at 210 Carnegie Center, Princeton, NJ 08540.

9. Defendant Chiltern International is a business corporation with a regular place of business located at 4000 Centergreen Way, S300, Cary, NC, 27513.

10. Defendant Covance and Defendant Chiltern International jointly employ or employed Plaintiff and other similarly situated individuals in the position of Startup Specialist.[1]

11. At all times relevant herein, Plaintiff worked for Defendant at 1016 West 9th Avenue, King of Prussia, PA 19406.

**FACTUAL BACKGROUND RELATED TO ALL CLAIMS**

12. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

13. Defendant is a global drug development company whose business includes but is not limited to overseeing clinical trials for various pharmaceutical companies and contract research related to such clinical trials.

14. Plaintiff was hired by Defendant as a Startup Specialist on about November 22, 2016. A true and accurate copy of the job description that was applicable to Plaintiff at the time she was hired is attached hereto as Exhibit A.

15. Plaintiff is presently employed by Defendant as a Startup Specialist.

16. Irrespective of Plaintiff's written job description, at all times relevant herein, Plaintiff's primary duties generally included assisting Project Manager(s) with submitting packages to various ethics committees and regulatory authorities. More specifically, Plaintiff's primary job duties included the following:

- Collecting regulatory documents from clinical sites;
- Reviewing regulatory documents; and
- Forwarding regulatory documents to the appropriate party after her review of same is complete.

---

[1] Upon information and belief, Defendant Covance, Inc. and Defendant Chiltern International, Inc. operate or otherwise hold themselves out to be a single and/or cohesive entity. Accordingly, unless otherwise stated, Defendant Covance, Inc. and Defendant Chiltern International, Inc. will hereinafter be referred to collectively as "Defendant."

17. As part of her above referenced duties, Plaintiff is required to verify that the regulatory documents comply with certain standard operating procedures ("SOP"). In the event of any deviation from the SOP, Plaintiff is required to alert her Project Manager of said deviation and seek guidance from the Project Manager as to how to proceed thereafter. That is, Plaintiff does not have any discretion with respect to addressing or otherwise rectifying any deviation(s) from the SOP.

18. Given the above, Plaintiff's primary job duties can accurately be summarized as collecting, reviewing and transmitting various documents.

19. Upon information and belief, there are other Startup Specialists employed by Defendant whose primary duties are virtually identical to Plaintiff's primary job duties.

20. At all times relevant herein, Plaintiff has worked greater than forty (40) hours per week. For example, Plaintiff is regularly required to work as many as twelve (12) to fourteen (14) hours per day, and is also frequently required to work on weekends and holidays. A such, Plaintiff has and continues to regularly work as many as seventy (70) hours per week.

21. Although Defendant has in place a system whereby employees are to report their hours worked on any given day, Manager Michelle Kauffman ("Ms. Kauffman") expressly instructed Plaintiff and other similarly situated employees that they were to report no more than eight (8) hours per day, regardless of how many hours they actually worked.

22. Defendant therefore has failed to keep accurate records of all hours worked by Plaintiff and similarly situated employees.

23. Even though Plaintiff regular works greater than forty (40) hours per week, at all times relevant herein, Plaintiff was paid on a salaried basis such that she was not paid overtime wages for hours worked beyond forty (40) hours per week.

24. In about early 2019, Plaintiff complained to Ms. Kauffman about the fact that she was not being paid the proper overtime wage. In response, Ms. Kauffman told Plaintiff that she did not qualify for overtime because she was salaried.

25. Plaintiff has discussed the fact that she was not paid overtime with several other Startup Specialists. In so doing, she learned that while some Startup Specialists are classified as salaried, others are classified as hourly and as such, are eligible for overtime.

26. On about June 17, 2019, Ms. Kauffman told Plaintiff that she was prohibited from having discussions with her colleagues about their employment status (*i.e.* whether they are salaried, hourly or eligible for overtime).

27. To date, Plaintiff has not been paid any overtime wages for hours worked in excess of forty (40) hours per week.

28. On June 21, 2019, Plaintiff was terminated from employment.

**FACTUAL BACKGROUND REGARDING FLSA COLLECTIVE ACTION**

29. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

30. Plaintiff brings Count I below individually and on behalf of all other similarly situated individuals, specifically:

> All Startup Specialists who have been employed by Defendant at any time since three (3) years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

31. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). *See* Exhibit B.

32. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

33. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

34. Plaintiff and the FLSA Collective are all victims of Defendant's unlawful practice(s) that has resulted in willful violation of their rights under the FLSA and that have caused significant damages to Plaintiff and the FLSA Collective.

35. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## Count I
## Violations of the FLSA
## (Failure to Pay Overtime and Retaliation)
### *On Behalf of Plaintiff*

36. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

37. Defendant is an employer as defined by the FLSA.

38. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the FLSA.

39. Pursuant to the FLSA, all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

40. At all times relevant herein, Plaintiff's primary job duties were such that she does not qualify as an exempt employee under the FLSA.

41. Defendant violated the FLSA insofar as Defendant failed to pay Plaintiff overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

42. Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

43. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendant acted willfully and knew that its conduct was prohibited by the FLSA.

44. Defendant lacks any good faith or reasonable grounds to believe that its failure to pay Plaintiff overtime was not a violation of the FLSA. Plaintiff is therefore entitled to recover liquidated damages as prescribed by the FLSA.

45. As set forth in detail above, Plaintiff engaged in protected activity when she complained about the fact that Defendant was not paying her the proper overtime wage.

46. Defendant retaliated against Plaintiff by: 1) attempting to dissuade Plaintiff from engaging protected activity by telling Plaintiff that she was prohibited from having discussions with her colleagues about their employment status; and 2) terminating Plaintiff's employment.

47. The above actions constitute violations of the FLSA.

## Count II
### Violations of the FLSA
### (Failure to Pay Overtime)
*On Behalf of Plaintiff and the FLSA Collective*

48. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

49. Defendant is an employer as defined by the FLSA.

50. At all times relevant herein, Plaintiff and all members of the FLSA collective wer employees of Defendant as defined by the FLSA.

51. Pursuant to the FLSA, all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

52. At all times relevant herein, Plaintiff's primary job duties were such that she does not qualify as an exempt employee under the FLSA.

53. At all times relevant herein, the primary job duties of all members of the FLSA collective were such that they do not qualify as exempt employees under the FLSA.

54. Defendant violated the FLSA insofar as Defendant failed to pay Plaintiff and other members of the FLSA collective overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

55. Defendant's failure to pay overtime to Plaintiff and other members of the FLSA collective was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff and other members of the FLSA collective were entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

56. Plaintiff and other members of the FLSA collective are entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendant acted willfully and knew that its conduct was prohibited by the FLSA.

57. Defendant lacks any good faith or reasonable grounds to believe that its failure to pay overtime was not a violation of the FLSA. Plaintiff and other members of the FLSA collective are therefore entitled to recover liquidated damages as prescribed by the FLSA.

58. The above actions constitute violations of the FLSA.

### Count III
### Violations of the PA MWA
### (Failure to Pay Overtime)
### *On Behalf of Plaintiff*

59. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

60. Defendant is an employer as defined by the PA MWA.

61. Defendant violated the overtime provisions of the PA MWA insofar as Defendant failed to pay Plaintiff the requisite overtime wages for all hours worked in excess of forty (40) hours per week.

62. Defendant violated the PA MWA by virtue of its failure to adequately inform Plaintiff of the applicable requirements of the PA MWA.

63. Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the PA MWA.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter an order that:

A. A finding that the Plaintiff and the FLSA collective are similarly situated;

B. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

C. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

D. Judgement against for Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

E. A finding that Defendant's violations of the FLSA were willful;

F. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

H. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

I. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**KRAEMER, MANES &
ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# EXHIBIT A

# Startup Specialist III

Job Overview

At Covance, we help make the miracles of medicine a reality. We offer opportunities to work on diverse, challenging projects with bright, interesting colleagues while building a flexible and rewarding career. This is your chance to become part of a team that helps to bring miracle of medicine to market sooner. We are looking to recruit Start Up Specialist
Responsibilities :
- Act as the lead contact with investigative sites during assigned site start-up activities

- Assist Project management in Preparation of submission packages to Ethics Committee and Regulatory Authority
- Collect, review, approve process and track regulatory & investigator documents required for study site activation in accordance with Covance SOPs, sponsor SOPs and the Investigator Package Plan
- Monitor start up activities to ensure issues are identified, managed and if necessary, escalated to the appropriate individual
- Perform other duties as assigned by management
- Act as the lead contact with investigative sites during assigned site start-up activities
- Assist Project management in Preparation of submission packages to Ethics Committee and Regulatory Authority
- Collect, review, approve process and track regulatory & investigator documents required for study site activation in accordance with Covance SOPs, sponsor SOPs and the Investigator Package Plan
- Monitor start up activities to ensure issues are identified, managed and, if necessary, escalated to-the appropriate individual
- Perform other duties as assigned by management

Experience
- Familiarity with investigator start-up documents
- Previous interaction with operational project teams and investigative sites
- Demonstrated understanding of research protocol requirements and proven ability to communicate them/educate others about them

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Larhonda Mitchell, *individually and on behalf of all others similarly situated* | |
| Plaintiff, | Case No. _____ |
| v. | **COLLECTIVE ACTION COMPLAINT** |
| Covance, Inc. And Chiltern International, Inc. | JURY TRIAL DEMANDED |
| Defendants. | |

### PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, against my employer(s) Covance, Inc. and Chiltern International, Inc. and any other related entities or affiliates ("Defendant") to recover overtime pay.

2. During the past three (3) years, there were occasions where I worked over forty (40) hours per week for Defendant as a Startup Specialist and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, I consent to join any subsequent action(s) to assert these claims against Defendant.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

6/21/2019

Date

DocuSigned by:
*Larhonda Mitchell*
D59501D96AB0421...
Signature

Larhonda Mitchell

Print Name

Return this form by **mail**, fax or email to:

Jonathan W. Chase, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com